# Louisville, Henderson & St. Louis Railway Co. v. Commonwealth.

(Decided October 4, 1911.)

## Appeal from Breckinridge Circuit Court.

Railroad Stations—Maintaining Water Closets at Stations.—Liability for failure under the statute requiring railroad companies in Kentucky "to provide suitable and convenient waiting rooms and water closets at all depots in cities or towns and maintain them in decent order and repair," where the evidence shows that for as much as four days one of the compartments of appellant's privy was permitted by it to remain in a foul condition and unfit for use, the case was property allowed to go to the jury and their verdict of guilty being sustained by the evidence it will not be disturbed.

JAMES R. SKILLMAN and R. A. MILLER for appellant.

JAS. BREATHITT, Attorney General, C. H. MORRIS and J. R. LAYMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant was convicted and fined $100 in the court below, under an indictment charging it with failing "to provide a suitable and convenient water closet at its depot in Hardinsburg, and to keep it in decent order and repair." It was refused a new trial, hence this appeal.

The statute under which the indictment was found is as follows:

"Any company that has established and maintained throughout the year, for five consecutive years, a passenger station at a point on its road, shall not abandon such station without the written consent of the railroad commission; and if any station used by a company is burned or otherwise destroyed, or becomes unfit for the accommodation of the public, the railroad commission shall notify, in writing, the manager or chief officer in this State of the company owning or using such station to rebuild or repair the same, as the case may be, and such company, shall within ninety days after such notice, comply with the requirements thereof; and that every company operating a railroad in this State, shall provide a suitable and convenient waiting room and water closet, or privies at all depots in cities and towns, and at such other stations as the railroad commission may re-

quire on its lines, and keep and maintain the same in decent order and repair.''

Briefly stated, the facts were that Hardinsburg, the county seat of Breckinridge County, is a town of the fifth class, with a population of about 1,200. It has neither a water plant nor sewerage system, and its privies are situated on the surface of the ground over pits. Appellant's depot at Hardinburg is located in a thinly populated suburb of the town, more than a quarter of a mile from the courthouse. Appellant's privy is situated on its right of way sixty-five or seventy yards from the depot and east thereof. Its sills rest on the ground and beneath it is a pit of the usual width and depth with the earth so banked around its surface edges as to prevent foul odors arising therefrom outside of the walls of the privy. A board screen shields the door of the privy on the side next the depot from the vision of persons in and about that building and on the platform.

The privy has two compartments divided by a wooden partition, each compartment containing two seats and a door. According to the testimony of the station agent and several other witnesses, it was his custom to keep both doors locked and the key hanging in his office accessible to all persons desiring to use the privy. A number of witnesses introduced for the Commonwealth testified, however, that the door of the privy facing the depot was not always locked and much of the time hung open.

The station agent admitted that the lock of this door was occasionally broken by unknown persons, but claimed that when he would discover its broken condition he would have it repaired and again lock the door and keep the key where it could be obtained by persons entitled to use the privy. He further testified that it was his custom to cause both compartments of the privy to be cleaned with warm water once a month, and lime scattered about them, and that such a cleaning had been given it a few days before the February term, 1910, of the Breckinridge Circuit Court.

The witnesses introduced for and against appellant all agreed that the compartment of the privy which did not front the depot was kept locked when not in use by passengers on appellant's trains and others, procuring the key of the station agent for entering it, and that it was always clean and comfortable. But according to the testimony of the Commonwealth's witnesses, and the ad-

missions of some of appellant's witnesses, on the first day, of the February term, 1910, of the Breckinridge Circuit Court, and continuing for as much as the fourth day thereof, the compartment of the privy facing the depot was allowed to remain open and its seats and floor to be and continue in such an unclean, foul and unsanitary condition as to render it unfit for use.

For thus suffering one compartment of its privy to became and remain foul and unsuitable for use during the four days referred to, the grand jury found and returned against it at the February term, 1910. of the Breckinridge Circuit Court the indictment under which it was tried and convicted in this case.

One of the grounds for a new trial filed by appellant in the circuit court and now urged for a reversal of the judgment of conviction, is that the refusal of that court to grant it a peremptory instruction at the conclusion of the Commonwealth's evidence was error.

In support of this contention it is argued by appellant's counsel that the statute made it the duty of appellant to maintain a privy at or conveniently near its Hardinsburg depot and keep it in decent order and repair; and that it performed this duty in maintaining the one room or compartment of the double privy near its depot, which was admittedly kept, at all times, in decent condition and free to the use of all persons in or about its depot entitled to enter it; the key being accessible for that purpose. In other words, it is insisted that appellant was not required by the statute to maintain two privies or one of two compartments, at its depot; and that if in providing a privy of two compartments, one of them was properly kept and the other allowed to become foul and unfit for use, it might, for suffering the latter to remain for a considerable time in such foul condition, have been guilty of maintaining a common nuisance, but not of violating the statute under which it was indicted.

We are unable to sustain this contention or to accept the view of the law urged by appellants counsel in its support. We will concede, however, that if appellant had maintained at or conveniently near its depot and in decent order a single privy for the use of its patrons, it would have met the requirements of the statute. But, as it constructed for their use a privy of two compartments, it was its duty to keep both compartments in decent order and suitable for use. As there was evidence conducing to prove that for

as much as four days one of the compartments of appellant's privy was permitted by it to remain in a foul condition and unfit for use, the case was properly allowed to go to the jury; hence the trial court did not err in refusing the peremptory instruction asked by appellant.

In Louisville & Nashville R. R. Co. v. Commonwealth, 137 Ky., 802, we said of this statute: "The statute is entitled to a fair and reasonable construction, and the company is only required to exercise reasonable care to keep its privy in decent order, and, before the company could be held liable or answerable for a failure to keep it in decent order, it would be incumbent upon the Commonwealth to show that it suffered or permitted its privy to remain in an indecent or unclean condition. It is not enough to show that upon one particular occasion, or even upon two particular occasions, it was found to be out of order or unclean." The indictment against the railroad company in the case supra charged that it failed to keep in decent condition and suitable for use a privy convenient to its depot at Glasgow Junction; and it appeared from the evidence that it was a privy of two compartments, like that described in the case at bar, and that one of the compartments was properly maintained, but that the other on one occasion before the finding of the indictment was discovered to be out of order and unclean. While it was held that proof of the unclean condition of one of these compartments on a single occasion—presumably one day or part of a day—before the finding of the indictment, was not sufficient to take the case to the jury, the opinion is not, as insisted for appellant, authority for our holding that proof of one compartment of its privy remaining unclean and unsuitable for use as much as three or four days before the finding of the indictment, did not justify the submission of the case to the jury.

The opinion does not declare that, because one compartment of the railroad company's privy was kept in proper condition for use, it was at liberty to permit the other compartment to be or remain unclean and unfit for use. It is our conclusion, therefore, that while a railroad company, at a station like that at Hardinsburg, is only required by the statute to maintain a single privy in decent order and convenient to the station, if it elects to have more than one, or one of two compartments, it must maintain all of them in the manner directed by the statute.

On the question of convenience of appellant's privy to its depot, we deem it proper to say that the proof seemed to show, without substantial contradiction, that it is as close to the depot, and in that sense as convenient, as the statute requires; but there was some testimony introduced by the Commonwealth which tended to show that the way of reaching it from the depot was not always in good condition. It is true that, according to appellant's testimony, there were two or three ways of going from the depot to the privy, but that of the Commonwealth was to the effect that the direct path between the two buildings, and practically the only one used, was often muddy and, in addition, obstructed by a ditch. The jury may have been of the opinion that the privy was located sufficiently near the depot, but that it was unprovided with a sufficient way of reaching it, and this was an element which, under the proof, they had a right to consider in passing upon the question of convenience.

We do not think the exclusion by the court of the additional witnesses offered to be introduced by appellant was prejudicial to it. Appellant had adready introduced as many witnesses as testified in behalf of the Commonwealth. The testimony of the additional witnesses, as shown by the avowals, would have been cumulative merely, if indeed it was competent; as it was substantially to the effect that the privy was kept by appellant in good condition, except at the time during the February term, 1910, the indictment charged it to be uncleaned and unfit for use. This was practically an admission of the appellant's guilt under the indictment.

The instructions were substantially correct, as they submitted to the decision of the jury the issues of fact growing out of the testimony and advised the jury of the law of the case.

The judgment is, therefore, affirmed.