## Louisville & Nashville Railroad Company v. Commonwealth.

(Decided November 10, 1914.)

### Appeal from Christian Circuit Court.

Railroads—Operation—Statutory, Municipal and Official Regulations—Accommodations for Passengers—Contract of Transportation.—The Separate Coach Law (Ky. Stat. 795), contains no man-

date as to the furnishing of water closets upon passenger trains; nor is there any statutory requirement to so equip; the duty to so equip, however, is included in the general duty to provide reasonable accommodations for passengers. But in this State the carrier is under no duty to provide separate closets for the sexes, its duty being merely to furnish a sufficient number of closets for the passengers carried; so if a railroad company provides a sufficient number of closets for its colored passengers, it is not a discrimination against the colored passengers to provide only one closet in that part of the train set apart for them, while two closets are provided in that part of the train used by white passengers. The statute against discrimination (Ky. Stat. 796), requires only a substantial equality of accommodations; and equality of accommodations does not mean identity of accommodations.

BENJAMIN D. WARFIELD, JOE McCARROLL and CHARLES H. BUSH for appellants.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

This appeal is prosecuted from a judgment for five hundred dollars, obtained against appellant railroad company in the Christian Circuit Court, under an indictment charging it with a violation of sections 795 and 796, Kentucky Statutes, known as the "Separate Coach Law."

Section 795 in part provides that all railroad companies operating a railroad in this State "are hereby required to furnish separate coaches or cars for the travel or transportation of the white and colored passengers on their respective lines of railroad. Each compartment of a coach divided by a good and substantial wooden partition with a door therein, shall be deemed a separate coach within the meaning of this act, and each separate coach or compartment shall bear in some conspicuous place appropriate words in plain letters indicating the race for which it is set apart."

Section 796 provides "That the railroad companies, person or persons, shall make no difference or discrimination in the quality, convenience or accommodations in the cars or coaches or partitions set apart for white and colored passengers."

The indictment charged the railroad company with making a difference and discrimination in the quality, convenience and accommodations in its railroad coaches

set apart for the use of white and colored passengers in this, "that in each coach set apart and then being used by said defendant company for the transportation of white passengers for hire, it did provide two closets or privies for the separate use of male and female passengers, and did provide in proper places in connection with said white passenger coaches smoking compartments to which passengers desiring to smoke pipes or cigars might retire and smoke, separate from those not desiring so to do, and whereas, upon the same train in each coach set apart and then being used by the said company for the transportation of colored passengers for hire, said defendant company did provide only one closet or privy for the use of both male and female passengers, and did provide no smoking compartment or compartments in connection with coaches set apart for colored passengers, to which those desiring to smoke pipes or cigars could retire and smoke separate from those not so desiring to smoke."

The indictment arose out of conditions alleged to exist on a through passenger train which on its journey from the South to the North passed through Hopkinsville, Kentucky.

The evidence for the Commonwealth was to the effect that one of the cars on this train was divided by partitions into two compartments, one of these compartments being used as a smoking-car for white passengers, and the other was intended for the use of colored passengers, both male and female; that there were two toilets or closets in this car, one being in the end used as a smoking compartment for white passengers, and the other being in that part of the car set apart for colored passengers; that in the passenger car on this train set apart for the exclusive use of white passengers, there was a toilet or closet in each end of the car, one intended for use by men and so designated, and the other intended for use by women and so designated.

The evidence for the defendant was to the effect that this car was of modern make and finish, and divided into two compartments of equal size, one-half of the car being set apart for the use of colored passengers, both male and female, and the other half was used as a smoker for white passengers; that in that part of the car set apart for the use of colored passengers, there was a toilet or closet and also a lavatory, and a room set apart as a smoking room which would accommodate about

eight passengers; that whenever the number of colored passengers was too great for comfortable accommodation in the compartments set apart for colored people, all white passengers were removed from the smoking compartment of this car, and the entire car devoted to the use of colored passengers; that only about ten or fifteen per cent. of the travel on this railroad was colored passengers; and that the compartment set apart for the use of colored passengers was ample for their accommodation except on unusual occasions, when it was necessary to give them the use of the entire car.

On this evidence, the trial court overruled the motion of defendant company to direct a verdict in its favor; and submitted the case to the jury under the following instructions:

"No. 1... If you believe from the evidence beyond a reasonable doubt that in this county and within twelve months before the finding of the indictment herein, the defendant, Louisville & Nashville Railroad Company, a corporation operating a line of railroad in Kentucky, did upon the 25th day of January, 1914, upon its passenger train leaving Hopkinsville, Ky., northbound, at about 6:50 p. m., in each coach set apart and then being used by said company for the transportation of white passengers for hire, provide two closets or privies, for the separate use of male and female passengers, whereas, upon the same train, in each coach set apart and then being used by the said company for the transportation of colored passengers for hire, said defendant company did provide only one closet or privy for the use of both male and female passengers, thereby making a great difference and discrimination in the convenience and accommodations between the cars, coaches and partitions set apart by the defendant company for white passengers and those set apart for colored passengers, then you will find the defendant guilty as charged in the indictment and fix its punishment at a fine of not less than five hundred dollars nor more than fifteen hundred dollars in your discretion."

"No. 2. The court further says to you, before you can find the defendant guilty under instruction No. 1 herein, you must believe from the evidence beyond a reasonable doubt, that the discrimination in the convenience and accommodations between the cars, coaches and partitions set apart for white passengers and that set apart for colored passengers, by the defendant company

on the train mentioned in the indictment herein, is so material that a colored person in said colored coach would suffer a substantial inconvenience because of the absence of such conveniences and accommodations; whereas under like or similar circumstances a white passenger riding in the coach or partition set apart for the use of white passengers on the same train would suffer no inconvenience because such convenience and accommodations are provided.''

"No. 3. The court further says to you that the mere fact, if it be a fact, that the defendant furnished a full-length passenger coach for the white passengers on the train complained of, and furnished only a compartment or part of a full-length coach for colored passengers, did not constitute a discrimination against the passengers of the colored race in the meaning of the statute in such cases made and provided, and unless you should believe from the evidence as set out in Instructions Nos. 1 and 2, then you will find the defendant not guilty.''

No. 4 was the usual instruction on reasonable doubt.

It will be observed from the instructions given that the trial court was of the opinion that there was not sufficient evidence to require the submission to the jury of any issue other than whether the failure to furnish two closets in the compartment set apart for the use of colored passengers (one for male and one for female passengers) constituted a discrimination within the meaning of the statute; and as there is no complaint made by appellee of this action of the court, we will treat the appeal as if this were the only issue presented for decision.

1. The statute known as the Separate Coach Law contains no mandate as to the furnishing of water-closets upon passenger trains; nor is there any statute requiring railroad companies to so equip their trains. The duty to so equip, however, is included within the general duty, imposed by common law upon carriers of passengers, to provide reasonable accommodations for their passengers. This general duty embraces the duty to keep the passenger cars reasonably heated and illuminated, to furnish drinking water, and to furnish reasonable conveniences in the way of water-closets.

But, we have been unable to find any case wherein it has been held that this general duty requires the carrier to provide separate water-closets for the sexes.

In L., H. & St. L. Ry. Co. v. Commonwealth, 144 Ky.,

625, 139 S. W., 931, this court had under consideration section 772, Kentucky Statutes, requiring railroad companies to provide a convenient and suitable waiting-room and water-closet or privies at depots in cities and towns; and it was held that in a town of twelve hundred inhabitants, a water-closet or privy of only one compartment was a reasonable and substantial compliance with the mandate of the statute.

In this State a carrier of passengers is under no duty, imposed either by legislative declaration or by common law, to provide separate water-closets for the sexes. The carrier is under a duty, however, to provide such number of closets upon its passenger cars as is reasonably sufficient for the number of passengers carried thereon; and where one closet is not reasonably sufficient, it is the carrier's duty to provide more than one; and where it has been found necessary to provide two or more, it is only proper that a part of them should be set apart for the use of male, and a part of them for the use of female passengers; this upon the theory that where the traffic is sufficiently heavy to require more than one, the convenience of both sexes is thus more expeditiously served.

And so, if appellant company, in providing only one closet in that portion of the train set apart for the use of colored passengers, provided all that was necessary for the use of the number of colored passengers carried by it, it fulfilled its duty in that respect under the law, and having done so, it did no more for one of the races than for the other. If the closets furnished were reasonably sufficient in number and substantially similar in character, the one with the other, there was no discrimination.

The statute against discrimination must be interpreted upon grounds of practicality; and a practical, substantial equality in the accommodations furnished on passenger cars, as between that part of the train set apart for white and that set apart for colored passengers, is a sufficient compliance with the legislative mandate; and when there is a practical, substantial equality in the accommodations furnished, there is no discrimination.

Equality of accommodations does not mean identity of accommodations. (McCabe v. A. T. & S. F. Ry. Co., 186 Fed., 966.) To hold that it does involves a considerable measure of refinement. If equality does mean

identity, then if the upholstering of the seats in that part of the train set apart for white passengers is of plush, it cannot be leather in that part set apart for colored passengers. And, if the plush be red in one portion of the train, it must not be green in the other.

If equality of accommodations means identity, then if there are seats for two hundred white passengers, there must likewise be provided seats for two hundred colored passengers. If equality means identity, then if there are fifty electric lights in that portion of the train reserved for white passengers there must be fifty electric lights in that part reserved for colored passengers.

The evidence shows that the percentage of travel on defendant's line is about ten or fifteen per cent. colored passengers and eighty-five or ninety per cent. white passengers; that in the train in question there was but one full length day coach set apart for the use of white passengers, and that in this coach there were two closets; that in that half of the other day coach used as a smoker for white passengers, there was one closet, and that in the other half of that day coach, being that portion of the train set apart for the use of colored passengers, there was one closet and a lavatory for the use of colored passengers. From a numerical standpoint, therefore, on the basis of seating capacity, there were as many closets furnished in that portion of the train set apart for the use of colored passengers as in that portion of the train set apart for the use of white passengers. The closets were all identical in quality, convenience and accommodations; and there was a substantial compliance with the statute; a practical, substantial equality in the accommodations furnished, and, therefore, no discrimination within the meaning of section 796, Kentucky Statutes, and the trial court erred in refusing to direct a verdict in favor of the defendant, for which reason the judgment of conviction is reversed, and the cause is remanded for proceedings consistent with this opinion. Whole court sitting.