CASE 35—PETITIONS ORDINARY—APRIL 9.—

# Louisville & Nashville Railroad Co. v. Commonwealth.

97 207
f 103 609

APPEALS FROM HOPKINS AND M'LEAN CIRCUIT COURTS.

1. RAILROADS—DUTY TO PROVIDE WATER-CLOSETS AT STATIONS—REPEAL OF STATUTE.—Sec. 191 of the original act of April 5, 1893, in relation to private corporations, in so far as it required all railroads doing business in this State to provide convenient and suitable waiting-rooms and water-closets at all depots in cities and towns and to keep same in decent order and repair, is still in full force and effect, and was not changed or modified by the amendment of July 1, 1893, to that section. The addition of the words "or privies" in the amendatory act does not change the meaning, the word "privy" as here used having substantially the same meaning as the word "water-closet."

2. SAME.—Under this statute railroad companies may exercise a reasonable discretion as to the kind of structure to be used and the internal arrangement thereof, provided it is kept decent and in a cleanly condition.

3. SAME.—Railroad companies may be required to comply with this statute in so far as it applies to depots in towns and cities without being first ordered to do so by the Railroad Commissioners.

WILBUR F. BROWDER for appellant.

1. It was the intention of the Legislature to require railroad companies, when so directed by the Railroad Commission, to maintain *either* a water-closet or a privy at stations on its line. The compilers of the Kentucky Statutes have omitted from sec. 772 the words "or privies" used in the amendatory act of July 1, 1893. (Acts 1891-2-3, p. 1262.)

2. A notice from the Railroad Commission to the railroad company that no water-closet or privy has been provided is a condition precedent to a prosecution under this statute.

GORDON & GORDON and H. W. BRUCE of counsel on same side.

WM. J. HENDRICK, Attorney-General, for appellee.

The only point insisted upon by the Commonwealth is that the construction given the statute in the opinion to be rendered herein shall be clear and conclusive so as to enable the officers of the Commonwealth to enforce obedience of its provisions by the railroad companies.

JUDGE GRACE delivered the opinion of the court.

These two appeals, one from Hopkins and the other from McLean county, involve the same questions and by agreement are heard together, and in the same brief of counsel.

The first question submitted by appellant is whether the original act of April 5, 1893, in relation to private corporations, and sec. 191 of same, which required all railroads doing business in this State to provide convenient and suitable waiting-room and *water-closet* at all depots in cities and towns, and to keep same in decent order and repair, is still in full force and effect, or whether it has been materially changed or modified by an amendment to said section, adopted by the legislature and approved July 1, 1893. A careful examination of both sections satisfies us that no change or modification has been made, or was intended to be made. The words used, or rather the additional word

"privy," used in the amendatory act, has substantially the same meaning as water-closet in the first act, all looking to the comfort and convenience of those traveling upon, or waiting to enter, or leaving the respective trains run by the several railroads of the State; and without attempting to embellish this opinion by minute description or accurate literary or scientific distinctions of the particular structure to be used or the internal arrangement thereof, we think it sufficient to say that, while same is kept decent, and in a cleanly condition, as required by legislative enactment, the railroads may exercise a reasonable discretion as to the details, without apprehension of any prosecution by the Commonwealth on account of the particular one adopted.

Another question suggested by counsel for appellant is whether the railroad company can be required to comply in any manner with the statute, unless first ordered to do so by the railroad commissioners of the State. On this question we also find that notice for this purpose is unnecessary for depots in towns or cities, while it may be necessary for other stations.

The notice mentioned in sec. 191 is specially applicable to cases where a depot has been burned, or when same in the opinion of the railroad commissioners "becomes unfit for the accommodation of the public;" that then the commissioners shall notify the railroad company to rebuild or repair the same as in their opinion the necessity of the case may require. Neither of these things was changed or modified by the amendment of July, 1893. We do not think the legislature contemplated any change in either. The change attempted to be made in these sections (and of which we doubt whether the legislature itself had any knowledge), pertains to a matter of far more importance and one of substance, and that is, that by the one hundred and ninety-first

Vol. 97.—14.

section of the original act the railroad company was not only prohibited from "abandoning any depot that it had maintained for five years" on its line of railway, but was also *enjoined,* "that it should not substantially diminish the accommodations furnished by the stopping of trains thereat, as compared with that furnished at other substantially similar stations on the same road," without the written consent of the railroad commission.    This provision is omitted in the amendatory act of July 1, 1893.   And this is the only and substantial change attempted to be made in the two acts, and this amendment being embraced together with quite a number of others in the same chapter, and referring only to the original acts by sections.   And without copying same, or giving any other reference to same, or denoting in any way the change sought to be made, other than by a reference to the sections, as by saying "that sec. 191 be so amended as to read as follows," then comes the new act with the omission as pointed out.   So that we do not wonder that the amendment has escaped the observation of the accurate and careful compilers of our statutes. As this question is not, however, up now for adjudication, we forbear further comment on same.   The views of the court in each county below correspond to the opinion of the court as herein expressed.

The judgment in each case is affirmed.