Louisville & Nashville R. R. Co. v. Commonwealth.

CASE 84—INDICTMENT—MAY 13.

# Louisville & Nashville R. R. Co. v. Commonwealth.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. RAILROADS—WATER CLOSET AT STATION—INDICTMENTS.—An indictment against a railroad company charging that it "failed, neglected, and refused to provide any suitable water closet" at its station in a city, is sufficient under the provisions of section 772 of Kentucky Statutes, requiring every railroad company to "provide a convenient and suitable waiting room and water closet at all cities and towns * * * and keep and maintain the same in decent order and repair."

2. REQUISITES OF CLOSET.—The closet is intended to be for the use of both men and women, and should be accessible to the depot building.

3. PRACTICE.—Whether the closet has been provided and maintained, and is convenient or suitable, are questions of fact to be determined by the jury.

4. CONSTITUTIONAL LAW.—Section 772, Kentucky Statutes requiring railroad companies to keep "convenient and suitable" waiting rooms and water closets at stations is not void for uncertainty; what is a "convenient and suitable" waiting room or water closet at each particular station is not a complicated or doubtful question, and may be safely left to a jury.

BLANTON & BERRY FOR APPELLANT.

1. Depots or stations as used in section 772 of Kentucky Statutes means "the place, the grounds and the buildings prepared for and used by the traveling public at such points in waiting for, taking and leaving trains, and by the company in operating the road at that point;" therefore an indictment, under section 772, which charges the defendant with a failure to provide a suitable water closet at its passenger depot is fatally defective upon demurrer. The indictment should charge a failure to provide a "suitable and

convenient water closet at the defendant's depot." If this were not true the word "convenient" used in the statute would be meaningless, because, if the statute required the water closet to be in or at the passenger depot, the element of "inconvenience" could not be alleged or proven. Indiana & I. S. R. R. v. State, 133 Ind., 69.

2. Where the indictment fails to charge that the water closet was not convenient, no proof could be introduced on that point, it being admitted as a matter of law and fact that the water closet erected by the company was convenient.

3. Where the indictment fails to allege in the body of the indictment the place at which there was a failure to provide as required by the statute, the indictment upon demurrer is defective.

4. Under the statute railroad companies may exercise a reasonable discretion as to the kind of a structure to be used and the internal arrangement thereof; therefore, where the company has erected a water closet which the proof does not show to be indecent or unclean, the court should have granted a peremptory instruction to find the defendant "not guilty." L. & N. R. R. Co. v. Commonwealth, 97 Ky., 208.

5. Where, in the exercise of a "reasonable ...scretion" the defendant, has provided a water closet at its depot, the defendant is not liable to indictment or conviction under section 772, unless the railroad commissioners have notified the accused as required by section 830 of Statutes, that "additions to, improvements or changes in the stations or terminal facilities are needed for the convenience of the traveling public. The 97 Ky. case does not decide this point, because it is admitted that the company had no water closet at all, while the statute requires one without notice.

6. Instruction No. 1 is erroneous because it limits the "reasonable discretion" of the appellant in the erection of a water closet and requires the same to be at or in the passenger depot.

7. The court erred in not instructing the jury as to what constituted a "suitable water closet" at a place of the size and needs of Berry.

8. The verdict is so flagrantly against the weight of the testimony, that a new trial should have been granted.

W. S. TAYLOR FOR APPELLEE.

1. Where the failure to provide the closet is in a city or town, it is

not necessary to charge in the indictment that the company had been notified of the necessity therefor by the railroad commissioner. L. & N. R. R. Co. v. Commonwealth, 97 Ky., 208.

2. It was not necessary to charge in the indictment that the defendant had not provided a suitable and convenient closet; if it failed to provide a suitable closet, it was guilty under the terms of the statute, although it might have provided a convenient one, the statute requiring it to be both suitable and convenient.

EDWARD W. HINES IN PETITION FOR A REHEARING.

1. The statute is void for uncertainty; it imposes a penalty for a failure to provide a "convenient and suitable" waiting room and water closet without furnishing any standard of suitableness or convenience. L. & N. R. R. Co. v. Commonwealth, 99 Ky., 132.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was indicted and convicted for failing and refusing to obey that part of section 772, Kentucky Statutes, as follows: "That every company operating a railroad in this State shall provide a convenient and suitable waiting-room and water-closet at all cities and towns, and at such other stations as the Railroad Commission may require on its line, and keep and maintain the same in decent order and repair."

It is stated substantially in the indictment that defendant in February, 1897, and at least 150 days previously, kept a passenger depot at Berry, an incorporated town in Harrison county, and during all that period "failed, neglected and refused to provide any suitable water-closet and privy or either a water-closet or privy."

The statute requires "provided and maintained both a convenient and suitable waiting-room and water-closet." But failure to keep a waiting-room is not alleged, nor is it stated defendant failed to keep a convenient water closet,

the statement being it failed to keep a suitable one. That omission, however, does not render the indictment defective, nor release defendant from liability; because the statute requires the water-closet, in addition to the waiting-room, and that it be both convenient and suitable, and failure in either respect subjects the guilty party to the penalty prescribed.

There can be no reasonable doubt or uncertainty about the character or purpose of the structure called water-closet, contemplated and required by the statute. It is intended for the private and often necessary use of women and children, as well as men and boys, who may be waiting at a depot to take passage on a train, or may get off a train at that place, and being patrons of a railroad company may reasonably demand the provision and maintenance at or accessible to the depot of such building.

The evidence in this case makes it plain defendant failed to provide and maintain a suitable water-closet at or accessible to the depot at Berry; the only place that could be used by even men or boys for that purpose being a coal-house.

Whether a water-closet has been provided and maintained, as also whether if so, it is convenient or suitable, are questions of fact it is the province of the jury to determine, and it was not, as contended, error to submit the inquiry to the jury as was done in this case.

Judgment affirmed.

The court delivered the following response to a petition for a re-hearing, June 21, 1898:

What is a suitable and convenient waiting-room and wa-

Louisville & Nashville R. R. Co. v. Commonwealth.

ter-closet is a question about which there ordinarily can be no serious difference of opinion between persons of that class usually selected as jurymen.   It is a question of fact dependent upon the size of the city, town, or station where the railroad train stops, and the number of passengers arriving at and departing therefrom.   As said in Louisville R. R. Co. v. Com., 97 Ky., 297: "Without attempting a minute description or accurate scientific distinction of the particular structure to be used, or the internal arrangement thereof, we think it is sufficient to say that, while same is kept decent, and in a cleanly condition, as required by legislative enactment, the railroads may exercise a reasonable discretion as to the details, without apprehension of any prosecution by the Commonwealth on account of the one adopted."

The case of Louisville & Nashville R. R. Co. v. Commonwealth, 99 Ky., 132, has no application.   The prosecution in that case was for charging and receiving more than a just or reasonable rate of toll or compensation for the transportation of passengers and freight in this State, in violation of sections 816, 819, Ky. Statutes.   It was there properly held that what is a just and reasonable rate of toll or compensation is a question dependent on so many uncertain and complicated elements that different juries might reach different conclusions on the same testimony, and therefore the statute was invalid for uncertainty.   It is entirely practicable to fix by statute the rate of toll or compensation, and thereby establish at least a *prima facie* standard by which to determine what is just and reasonable.   But

[ 39 ]

what is a convenient and suitable waiting-room and water-closet at each particular station is not a complicated or doubtful question, but must necessarily, and can be safely, left to the jury.

Petition overruled.