CASE 29.—PROSECUTION AGAINST THE LOUISVILLE & NASHVILLE RAILROAD COMPANY FOR FAILURE TO PROVIDE CONVENIENT WATER CLOSETS AT STATIONS.—January 12.

## Louisville & N. R. R. Co. v. Commonwealth

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Defendant convicted and appeals.—Reversed.

Railroads — Stations—Water-Closets — Convenience of Location—Evidence.—A railroad company, prosecuted for failing to maintain a convenient water-closet at a station, as required by Ky. St. 1903, section 772, can show that there was no more suitable or convenient place than that used, considering adjoining dwellings, business houses, and other surrounding conditions.

YEAMAN & YEAMAN, WILLIAM NORTHCUTT and BENJAMIN D. WARFIELD for appellant.

JAS. BREATHITT, Atty. Gen'l and TOM B. McGREGOR for Commonwealth.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

By section 772, Ky. Stats., 1903, railroad companies are required, among other things, to provide a convenient and suitable water-closet or privy at all depots

in cities and towns and maintain the same in decent order. The Louisville & Nashville Railroad Company was indicted under this section, and charged with failing to provide a convenient water-closet or privy at its depot in Robard, a town of the sixth class, in Henderson county. On a trial of the case it was found guilty, and its punishment fixed at a fine of $100. The Commonwealth introduced on the trial six witnesses, who stated, in effect, as follows: The water-closet in question is located on the property of the railroad company, and is from 80 to 90 yards from the depot. It is a one-room structure, situated in a private position behind another building; but owing to the height of the buildings, the top of the water-closet is visible from the depot, and can easily be pointed out from it. There are three ways of approaching the water-closet; one by going down the street on the west side of the three railroad tracks and crossing the tracks opposite it, another by crossing the tracks and the public road, crossing the railroad tracks at right angles, and going down another public street of the town, and the third by walking down the main railroad track. The streets are dirt roads like others in Robard. They are parallel and only divided by the railroad right of way. Many trains pass Robard daily. Sometimes freight cars are left standing on the tracks between the depot and the closet. Near the closet is a cattle pen, and sometimes logs are left on side of last switch. The witnesses had never heard any complaint of the location of the closet. On cross-examination, the defendant asked each of the witnesses if there was any point within the limits of the town at which the closet could be placed to be more suitable and convenient to the traveling public and those having occasion to use it than the point where

it is located, taking into consideration the dwellings, business houses, topography of the ground, and other conditions existing. The Commonwealth objected to the questions, the court sustained the objection, and the defendant excepted, avowing that the witnesses would answer that there was no more suitable or convenient place where the closet could be located. The defendant then introduced five witnesses and proposed to prove same facts by them. The court excluded the evidence, and the defendant excepted.

There was no complaint that the building was not suitable, or that it was not kept clean and in good condition. The only complaint was its location. The evidence offered should have been admitted, for, if there was no point where the closet could be placed to be more suitable or convenient, the defendant has not violated the statute. The law only requires that the closet shall be reasonably convenient, considering the existing conditions, and all the proof as to conditions existing, including the proof as to a better location for the closet, should be admitted. In towns without a water supply, a very different condition is presented from that presented in a city where the water-closet may be in the station next to the waiting room. The defendant must necessarily exercise judgment as to what is the best place for the closet in such cases and no criminal liability should be imposed where the defendant has exercised such care and judgment as may be reasonably expected of a person of ordinary prudence in locating the closet. The court on another trial will so instruct the jury.

Judgment reversed, and cause remanded for a new trial.