## Louisville & Nashville R. R. Co. v. Commonwealth,

(Decided September 22, 1911.)

### Appeal from Hopkins Circuit Court.

1. Railroads—Waiting Room—Indictment—Sufficency—Bill of Particulars.—An indictment for the offense of failing to provide a convenient and suitable waiting room and keep it in decent order and repair, that follows substantially the language of the statute (sec. 772 Ky. Statutes) is sufficient, and no bill of particulars may be required.

2. Evidence.—In a prosecution under section 722, Kentucky Statutes, evidence of preparation to construct a new depot is not admissible.

CLIFTON J. WADDILL and BENJAMIN D. WARFIELD for appellant.

JAS. BREATHITT, Attorney General, THEO. B. BLAKEY, Assistant Attorney General for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Appellant, Louisville & Nashville Railroad Company, was indicted by the grand jury of Hopkins county for the offense of failing and refusing to provide at its depot in the city of Madisonville, Kentucky, a convenient and suitable waiting room and failing to keep the same in decent order and repair, being an offense denounced by section 772 of the Kentucky Statutes. A trial before a jury resulted in its conviction and the imposition of a fine of $250.00; hence this appeal.

It is first insisted that the indictment is fatally defective and that the court erred in refusing to sustain appellant's demurrer thereto and in refusing to sustain a motion for a bill of particulars. The indictment follows, substantially, the language of the statute, and in this class of case that has always been held sufficient. (Illinois Central R. R. Co. v. Commonwealth, 28 Ky. Law Rep., 802; Louisville & Nashville R. R. Co. v. Commonwealth, 103 Ky., 607). Having accused appellant of the offense of failing to provide a convenient and suitable waiting room and keep it in decent order and repair, the offense is charged with all necessary certainty, and no specifications of facts could have apprised appellant more fully of the nature of the offense. The condition of the waiting room being peculiarly within the knowledge of appellant and its agents, no bill of particulars was necessary.

The court did not err in refusing to require the Commonwealth to elect whether it would proceed against appellant for the offense of failing to provide a suitable waiting room or the failure to keep it in decent order and repair. As is pointed out in Illinois Central R. R. Co. v. Commonwealth, 21 Ky. Law Rep., 569, the offense denounced by the statute is the failure to have a suitable and convenient waiting room in decent order and repair, and the offense may be proved by showing failure in any of the essentials necessary to constitute a convenient and suitable waiting room in decent order and repair.

The evidence shows that the waiting room facilities were wholly inadequate to accommodate the traveling public. On numerous occasions they were compelled to stand out in the cold or rain because of the crowded condition of the waiting room and a number of witnesses testified to its unclean and filthy condition.

The court did not err in refusing to permit appellant to show that it was making preparations to erect a new depot worth about $9,500.00. An intention to remedy conditions constituting an offense under a statute is no more of a defense to a prosecution for such an offense than would be a promise to reform made by one charged with crime.

The law imposes on railroad companies the duty of providing at its depot a waiting room sufficient and suitable to reasonably accommodate the public and passengers usually in attendance awaiting the arrival and departure of trains and having business with said trains, or attending or meeting passengers on their departure or arrival. The instructions of the court conform to this rule, and are not too broad in their scope.

Upon the whole case we find no error prejudicial to the substantial rights of appellant, and the judgment is therefore, affirmed.