# AMERICAN SEEDING MACHINE COMPANY *v.* COMMONWEALTH OF KENTUCKY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 175.   Argued March 5, 1915.—Decided March 15, 1915.

*International Harvester Co.* v. *Kentucky*, 234 U. S. 216, followed to
  effect that §§ 3915 and 3941, of the Kentucky Anti-Trust Statutes,
  are invalid under the due process provision of the Fourteenth

Amendment because, as construed by the Court of Appeals of that State, they offer no standard of conduct that it is possible to know. 152 Kentucky, 589, reversed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of certain provisions of the Antitrust Act of the State of Kentucky, are stated in the opinion.

*Mr. J. E. Bowman,* with whom *Mr. Alexander Pope Humphrey* was on the brief, for plaintiff in error.

There was no appearance or brief filed for defendant in error.

Memorandum opinion by MR. JUSTICE McKENNA, by direction of the court.

Plaintiff in error was convicted in the Circuit Court of Barren County, Kentucky, and fined for alleged violation of §§ 3915 and 3941 of the Kentucky laws commonly known as the Kentucky Anti-trust Statutes, and prosecutes this writ to review the judgment.

The grounds of error assigned are: (1) That the statutes in question are in conflict with the Fourteenth Amendment to the Constitution of the United States; (2) That the particular transactions involved were transactions of interstate commerce and protected from state regulation by the Commerce Clause of the Constitution of the United States.

These grounds were presented to the lower court first by demurrer, which was overruled, and, after answer and trial to a jury, by a request for peremptory instructions for defendant.

The sections of the laws of Kentucky referred to were declared to be invalid by this court under the Fourteenth Amendment because they, as construed by the Court of

Appeals of the State, offered no standard of conduct that it is possible to know. *International Harvester Co.* v. *Kentucky*, 234 U. S. 216. Therefore, the judgment of conviction against plaintiff in error must be reversed.

It is not necessary to pass on any other question.

*Judgment reversed.*