## Louisville & Nashville Railroad Company v. Commonwealth.

(Decided April 27, 1917.)

### Appeal from Hart Circuit Court.

1. Railroads—Accommodations for Passengers.—Water Closets at Stations.—The words "water closets" and "privy" are synonymous and convey the same idea or meaning, and an indictment under section 772, Kentucky Statutes, for failure to provide a suitable water closet which did not allege there was no privy, could not have misled or hindered the defense.

2. Railroads—Accommodations for Passengers.—The convenience and suitability of the toilet provided by a railroad company is a question of fact for the jury to determine from the evidence, and under the evidence the one provided in this case was neither convenient nor suitable.

WARKINS & GARDNER, SIMS, RODES & SIMS and BENJAMIN D. WARFIELD for appellant.

M. M. LOGAN, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal is from a verdict and judgment rendered in the Hart circuit court at its January term, 1917, on indictment, imposing a fine of $100.00 upon the appellant company for failing to provide a convenient and suitable water closet at its depot in Horse Cave, Kentucky. The indictment is drawn under section 772, Kentucky Statutes. The town of Horse Cave, has about 1,200 population and is a city of the fourth class. The defendant has a depot and waiting room almost in the center of the city. Two separate water companies have systems in the town and furnish water to those subscribing therefor, but there is no sewerage system in the town. However, there is a natural drainage provided by cavernous sink holes which are numerous in and around the city, into which the sewage is emptied.

The indictment in this case charges the railroad company with failing to "provide a suitable and convenient water closet" at its depot, but makes no charge that there is no privy, and appellant complains because the trial court failed to sustain its demurrer to the indictment. It is not alleged that there was not a convenient and suitable privy provided. In other words, appellant's counsel attempts to draw a distinction between the terms "water closet" and "privy," as used in this statute, insisting that if it provides a privy, as it contends it did, the law is fulfilled.

That part of section 772 of the Kentucky Statutes under consideration here, reads: "Every company operating a railroad in this state shall provide a convenient and suitable waiting room, and water closet or privies, at all depots in towns and cities . . . ." Appellant contends that there is a distinction between a water closet and a privy, and that having provided one—a privy—it has complied with the law, and the indictment failing to charge it with a failure to provide either, is bad on demurrer. With this contention we can not agree.

This court in the case of L. & N. R. R. Co. v. Commonwealth, 97 Ky. 208-9, in passing upon a similar case, says:

"The words used, or rather the additional word 'privy' used in the amendatory act, has substantially the same meaning as water closet in the first act, all looking to the comfort and convenience of those traveling

upon, or waiting to enter, or leaving their respective trains run by the several railroads of the state; and without attempting to embellish this opinion by minute description or accurate literary or scientific distinctions of the particular structure to be used or the internal arrangement thereof, we think it sufficient to say that, while the same is kept decent, and in a cleanly condition as required by the legislative enactment, the railroads may exercise a reasonable discretion as to the details, without apprehension of any prosecution by the Commonwealth on account of the particular one adopted."

The original statute did not contain the words "or privies," but employed only the words "water closet;" however, by amendment in 1893 the words "or privies" were added so as make it read as above quoted. By this addition the law-making body did not intend to make a distinction between the terms employed, but only to make the words "water closet" originally used in the act more definite and certain. The amendatory words "or privies" are explanatory of the preceding words "water closet." The two expressions are synonymous and convey the same idea or meaning, and the appellant and its counsel were not and could not have been misled or hindered in the preparation of its defense by the failure of the indictment to use both terms employed by the statute, instead of the first one only. In common use the words "water closet," "privy," "toilet," and "closet" are employed to express the same meaning.

It must, however, be admitted that lexicographers have drawn a distinction between the terms, but as used in this act, the two employed are synonymous and the lower court properly overruled the demurrer to the indictment.

It is next insisted that the railroad complied with the requirements of the statute by the construction and maintenance of what it terms a "privy," which is an old-fashioned garden or back house. A privy is sufficient to satisfy the statute if it be reasonably convenient and suitable, and is kept and maintained in decent order and repair. The one provided in this case, by whatever name called, was neither convenient nor suitable, according to the evidence. Its location was about 150 feet away from the waiting room and behind a lumber yard, where it was obscured to some extent. It was not only

inconvenient and unsuitable, but was altogether inadequate.

The walk-way from the waiting room to the water closet, in the winter time, was very muddy. One witness testified that rubber boots would be necessary to pass through the mud. Besides this the closet was not clean, but was unsanitary and filthy, to such an extent as to give off odors that permeated the air for some distance around to the great annoyance of the residents thereabouts and of the passersby. Persons waiting at the depot for trains would not use the closet provided by the railroad, because it was neither convenient nor suitable, but went to a nearby hotel to attend to their toilet.

The convenience and suitability of the toilet provided by a railroad company is a question of fact for the jury to determine from the evidence. L. & N. R. R. Co. v. Commonwealth, 103 Ky. 605; L. H. & St. L. Ry. Co. v. Commonwealth, 144 Ky. 526; L. & N. R. R. Co. v. Commonwealth, 175 Ky. 315.

In this case these questions were properly submitted to the jury.

What constitutes a reasonably convenient and suitable water closet or privy, depends upon the facts and circumstances surrounding each case. In small, sparsely populated communities, the old back or garden house, if kept clean and decent, may fulfill the requirements of the statute, but in a live, active and progressive town like Horse Cave, where a large population is served, the facilities should accord with the best in common use, in homes and business houses, in the immediate vicinity of the depot. Nothing less than this will satisfy the statute. It is argued that this will necessitate considerable expenditure of money. It will cost something. So also does it cost money to erect an old fashioned privy, and while the modern closet may be somewhat more expensive it must be remembered that great progress has been made in recent years along similar lines, and the public sense has been quickened upon questions of sanitation and public health, things but slightly considered in former years.

The evidence sufficiently supports the verdict, and there appearing no prejudicial error in the record, the judgment is affirmed.