## Louisville & Nashville Railroad Company v. Commonwealth.

(Decided April 27, 1917.)

### Appeal from Henry Circuit Court.

1. Railroads—Accommodations for Passengers—Water Closets at Stations.—An indictment under section 772, Kentucky Statutes, which charges the defendant railroad company with failing to "provide a convenient and suitable water closet or privies" without alleging that the company failed to keep them in "decent order and repair" is sufficient.

2. Railroads—Accommodations for Passengers—Water Closets at Stations.—Under section 772, Kentucky Statutes, the water closet or privy must not only be suitable and kept in decent order and repair, but it must be located reasonably convenient, and these are questions for the jury to determine from all the evidence, under proper instructions.

MOODY & BARBOUR and BENJAMIN D. WARFIELD for appellant.

M. M. LOGAN, Attorney General, and LOGAN W. ROCK for appellee.

Opinion of the Court by Judge Sampson—Affirming.

The Louisville & Nashville Railroad Company was indicted in the Henry circuit court at the September term, 1916, under section 772, Kentucky Statutes, for the offense of failing to provide a convenient and suitable water closet or privy at its depot, in the city of Eminence in Henry county. A conviction was had and a fine of $150.00 imposed on the defendant railroad company. From this verdict and judgment rendered thereon, the company prosecuted this appeal. It insists that the indictment is defective and insufficient, and that the demurrer interposed thereto should have been sustained, because it is not charged in the indictment that the company failed to keep and maintain a privy in decent order and repair. It is only alleged that the defendant company failed to provide a convenient and suitable water closet or privy. The accusatory part of the indictment is as follows:

"The Grand Jury of the county of Henry, in the name and by the authority of the Commonwealth of Kentucky, accuse the Louisville & Nashville Railroad Company, of the offense of unlawfully operating a railroad without providing a convenient water closet or privy at a depot in a city in the said county," and the specifications in the said indictment are as follows:

"Said Louisville & Nashville Railroad Company in said county of Henry on the ............ day of September, 1916, and before the finding of this indictment, and before and since said date, and within twelve months, the said railroad company, being an incorporation duly incorporated under and by the laws of the state of Kentucky, and operating a railroad through and in said county and state, and having at the said time a railroad station and waiting room in the city of Eminence, in said county, did unlawfully fail to provide a convenient or suitable water closet or privy in connection with the said railroad and waiting room at the said place." It is further alleged that the city of Eminence is an incorporated city, of the fifth class, and that the depot and waiting room are and were used by a large number of persons who wait to become and are and were passengers, and that the said closet was inadequate and unsuitable for the needs and wants of the passengers, using the said depot and waiting room. The offense consists in *failing* to "provide a convenient and suitable water closet or privy" at its depot

in the city of Eminence. If it failed to do this it was guilty. It was not necessary for the indictment to charge that the railroad company failed to keep its water closet and privy in decent order and repair. Under numerous authorities in Kentucky, it is sufficient for an indictment to charge the offense in the language of the statute, and we think that the indictment in this case, conforms to this rule, and is, therefore, sufficient.

In the case of Louisville & Nashville Railroad Company v. Commonwealth, 103 Ky. 605, the charge in the indictment was: ''Failed, neglected, and refused to provide a suitable water closet and privy, or either water closet or privy'' and this indictment was held sufficient although it was nowhere charged that the water closet was *convenient*, or was kept in decent order and repair.

The second contention of appellant is that the court erred in failing to sustain its motion for a peremptory instruction in its favor, made at the conclusion of the evidence for the Commonwealth. The evidence heard on the trial is short, and, in some parts, indefinite and uncertain, but there is enough definite and competent testimony to prove that the water closet was located at an inconvenient and unsuitable place, and that the approach thereto was often muddy, and obstructed by railroad cars and temporary scaffolds, rendering the use of the toilet very unhandy, and disagreeable. The evidence further shows that many ladies attempting to make use of the toilet, would not enter the place on account of the disagreeable odor and stenches that arose therefrom. It was the duty of the company to provide a convenient and suitable water closet or privy and a failure to do so rendered it liable under the statute. The toilet building was ancient and unsanitary and was so located that it was practically inaccessible for months in the year, previous to the finding of the indictment. The evidence considered, we are of the opinion that the trial court committed no error in overruling the appellant's motion for a peremptory instruction. Even though the toilet or closet provided was in itself reasonably suitable and sufficient, yet if it be so located so as to be inconvenient, or inaccessible on account of water, mud and other intervening obstacles, then it does not comply with the provisions of the law. It must also be reasonably convenient.

"The evidence in this case makes it plain that the defendant failed to provide and maintain a suitable water closet at or accessible to the depot at 'Berry' . . . . Whether a water closet has been provided and maintained, and also whether if so, it is convenient and suitable, are questions of fact it is in the province of the jury to determine, and it was not, as contended, error to submit the inquiry to the jury as was done in this case. Louisville & Nashville Railroad Company v. Commonwealth, 103 Ky. 608; L. H. & St. L. Ry. Co. v. Commonwealth, 144 Ky. 625.

"On the question of convenience of appellant's privy to its depot, we deem it proper to say that the proof seemed to show without substantial contradiction, that it is as close to the depot, and in that sense as convenient, as the statute requires; but there was some testimony introduced by the Commonwealth which tended to show that the way of reaching it from the depot was not always in good condition. It is true that, according to appellant's testimony, there were two or three ways of going from the depot to the privy, but that of the Commonwealth was to the effect that the direct path between the two buildings, and practically the only one used, was often muddy and, in addition, obstructed by a ditch. The jury may have been of the opinion that the privy was located sufficiently near the depot, but that it was unprovided with a sufficient way of reaching it, and this was an element which, under the proof, they had a right to consider in passing upon the question of convenience." L. H. & St. L. Ry. Co. v. Commonwealth, *supra.*

It is also insisted that the circuit court committed numerous errors in the admission of incompetent testimony. While it is true that some evidence was admitted which was not relevant or pertinent to the issue, it cannot be said that it was prejudicial, or that it misled the jury to the hurt of appellant. Neither can it be conceded that the questions propounded by the attorney for the commonwealth, even though repeated in some instances, were calculated to mislead, or did mislead the jury. The trial court sustained objections to several questions in the form first propounded, but the Commonwealth's attorney reformed his question. The Commonwealth's attorney may, with propriety, form his questions so as to come within the ruling of the trial

judge, and commit no error, and we do not find the attorney in this case violated the rule. It is insisted also that the company was indicted on account of a privy, but was really tried on account of its water tank. The water tank and the privy were located very close together. The water tank was constantly leaking, and this water flowed under and around the privy, making it wet and muddy. One witness testified that the water from the tank caused the privy to give off more obnoxious odors than it otherwise would, and that the mud that obstructed the passway to the closet came in a large part from the overflow of the water tank. Thus it is seen that the evidence of which the company complains was not directed at the water tank, but to the privy and its surroundings, and was necessary to show the real conditions.

The trial court, on its own motion instructed the jury in substance that if it "believe from the evidence beyond a reasonable doubt that the defendant company unlawfully failed to provide a reasonably suitable and convenient water closet or privy, or failed to maintain or keep the same in a reasonably decent order or repair, considering the location of its said depot," it should find the defendant guilty. We find no fault with this instruction, for it must be agreed that it follows, closely, the language of the statute and indictment, and only permits the jury to find defendant guilty in case it should believe from the evidence, beyond a reasonable doubt that it failed to provide a reasonably suitable and convenient water closet. Unless the jury believe from the evidence that the water closet provided by the company was not reasonably suitable and convenient, it should find it "Not guilty" under this instruction, and this is as favorable to the appellant as the court was warranted in giving. The instruction offered by the appellant, and which the court declined to give, embodies very largely the same questions submitted by the foregoing instruction given by the court, and for this reason it was not error for the trial judge to refuse to give the one offered by appellant.

For these reasons the judgment is affirmed.