## Louisville & Nashville Railroad Company v. Commonwealth.

(Decided February 12, 1918.)

### Appeal from Spencer Circuit Court.

1. Railroads—Depot — Statutes — Construction. — Where a railroad company, complying with Section 772, Kentucky Statutes, requiring it to provide and maintain suitable and convenient water-closets at its depots, elects to maintain separate closets for the sexes, both must be suitable and convenient.

2. Statutes—Construction—Words and Phrases—Convenient.—"Convenient" as used in section 772, Kentucky Statutes, means as near to the depot and of as easy access to the traveling public getting on and off the train at that station, as the circumstances of the case will admit.

3. Railroads — Prosecution — Water-closets — Jury Question. — In a prosecution of a railroad company for failure to provide a convenient water-closet for use of men, it was a question for the jury whether such closet maintained 275 feet from the depot was conveniently located.

4. Evidence—Similar Conditions.—In such prosecution, evidence that a few persons in the community had provided toilet facilities in their homes is competent to show the practicability of maintaining a toilet within the depot.

5. Appeal and Error—Harmless Error—Evidence.—In such prosecution, evidence that the company maintained inside toilets at its stations in cities having a public sewerage system is incompetent, but error was harmless as it was permitted to show that at one of its stations without a public sewerage system an inside closet did not work satisfactorily.

6. Trial—Instructions.—In such prosecution, it was not error to refuse to submit to the jury the question of law whether the maintenance of a single water-closet for use of women was a compliance with the statute.

BENJAMIN D. WARFIELD and WILLIS, TODD & BOND for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The Louisville & Nashville Railroad Company was indicted under section 772, Kentucky Statutes, for failing to provide a convenient and suitable water closet or privy, at its station in Taylorsville. It was tried, found guilt, and its punishment fixed at a fine of $100.00; and from the judgment, entered upon the verdict, the company appeals, insisting that its motion for a peremptory should have been sustained, first, because the closet for women maintained in its depot satisfies the requirements of the statute, and, second, because all of the evidence showed that the men's privy is located as near to the depot as circumstances permit.

1. There is no merit in the first contention, because it has been decided by this court more than once that, if the railroad company elects to maintain separate privies for the sexes as was done here, it must provide both in compliance with the requirements of the law, that is, both must be suitable and convenient. L. H. & St. L. R. Co. v. Commonwealth, 144 Ky. 625; L. & N. R. Co. v. Commonwealth, 137 Ky. 802; L. & N. R. Co. v. Commonwealth, 160 Ky., 769.

2. To determine whether or not all of the evidence showed, as claimed by appellant, that the men's privy is located as near to the depot as the circumstances permit, necessitates a short statement of the evidence which, in substance, is as follows:

Taylorsville is an incorporated town of the sixth class and the county seat of Spencer county, in which is maintained a waterworks system but there is no public sewerage system. Defendant has provided, and maintains in its depot a water closet for the use of women, and, at a distance of some 275 feet from the depot, a privy for the use of men. There is no complaint that either is kept in an unclean or unsanitary condition, but only that the privy for men is not conveniently located.

The word "convenient" as used in this statute was held, in L. & N. R. Co. v. Commonwealth, 137 Ky. 802, to mean "as near the depot and of as easy access to the traveling public, getting on and off the train at that station, as the circumstances of the case will admit." Hence, it is clear as said in that opinion that what would be convenient in one case might not be at all convenient in another, each case being governed by the circumstances and surroundings peculiar to it.

The Commonwealth proved by several witnesses that the men's privy is not conveniently located, and offered some proof that it could have been located within the depot building, as is the one provided for women. Defendant offered proof that, because of the proximity of residences and a creamery and of the necessary uses to which other available space is devoted, a privy outside the depot could not be more conveniently located without being offensive and objectionable to persons living near the depot, which, as was held in L. & N. R. Co. v. Commonwealth, 137 Ky. 802, rendered such a location impracticable; and that it could not be located within the depot because of the lack of available space therein and the lack of a public sewerage system in the town.

At least one witness for the Commonwealth admitted that there was no more convenient location outside the depot building than the location of the men's privy, and the proof for the Commonwealth was directed to the practicability of locating it in the depot, so we may assume that the privy provided, although not easily accessible, is as convenient as the circumstances will admit, unless it could have been built in the depot or ad-

jacent thereto with an entrance from within; and our inquiry upon the question raised by the motion, for a peremptory instruction is narrowed to the practicability, as disclosed by the evidence, of locating the privy within or adjacent to the depot building. Several witness for the Commonwealth testified that there was available space at the south end of the depot, where a privy could be built as an extension to the depot with an entrance from within provided, and not interfere with other necessary uses of the depot building and platform. This was contradicted by witnesses for the defendant, although it was admitted by the defendant's witness, Mr. C. R. Davis, the company's superintendent of bridges and buildings, that the depot building could be extended as much as 100 feet. It was also shown that if it was so located, the privy could be reached by men only by going through the ladies' waiting room, into which it would open, which fact, appellant argues, proves the impracticability of such a location, while the Commonwealth denies the force of such argument.

The Commonwealth also proved that water closets are maintained in some four or five of the residences and the court houses in the town, with cesspools to catch the sewage, and that the railroad company maintains in the depot a water closet for women, but it is not explained in any of the evidence how the sewage from this closet is disposed of. In addition to the fact that there is no public sewerage system in the town, the defendant introduced some evidence to show that it would be impracticable to construct or maintain in the immediate vicinity of the depot a cesspool, septic tank, or other catch basins; and it is upon this proof that it relies in its contention that the evidence conclusively showed that it was impracticable to locate the men's privy within the depot. The fact remains, however, that it has provided and maintains therein a privy for the use of women, with some practical arrangement that is entirely unobjectionable for the disposal of the sewage; and we think that fact alone is some evidence supporting the contention of the Commonwealth that it is practicable to maintain in the depot an additional privy for the use of men. So that, upon both questions, whether there is available space within the depot for the construction of the men's privy, and whether it can be so located that the sewage therefrom may be disposed of the evidence is

contradictory, rendering it necessary to submit to the jury the question of the practicability of locating the men's privy at a point more convenient and accessible than the place where it has been located by the company. It has many times been decided by this court that the convenience and suitability of a toilet provided by a railroad company is a question of fact, to be determined by the jury from the evidence. L. & N. R. Co. v. Commonwealth, 103 Ky., 605; L. H. & St. L. R. Co. v. Commonwealth, 144 Ky. 526; L. & N. R. Co. v. Commonwealth, 175 Ky. 315; L. & N. R. Co. v. Commonwealth, 175 Ky. 285. It, therefore, seems clear to us that the trial court did not err in overruling the defendant's motion for a peremptory instruction.

3. Defendant complains that the trial court erred, to its prejudice, in the admission of evidence on behalf of the Commonwealth, to which defendant objected and excepted.

It is first insisted that it was error to permit the Commonwealth to prove that a few persons living in the community had provided toilet facilities in their homes, contending that the average practice, rather than the practice of a few, is the proper criterion by which to judge of the necessity for an inside toilet at the depot; but it seems that upon this question it was entirely proper to admit this evidence, as it furnished some proof as to the practicability of maintaining a toilet within the depot, for it is evident that what others could do in this matter and what the defendant itself was doing in the way of providing a toilet in the depot for women were relevant circumstances tending to establish the Commonwealth's contention.

It is also insisted that it was error to permit the Commonwealth to prove that it maintained, at its Louisville and Frankfort stations, inside toilets, when it was shown that the conditions as to sewerage are not the same as those places as at Taylorsville. This evidence was not brought out by the defendant in an examination of its own witnesses, but upon cross-examination of witnesses testifying as experts for the defendant in an effort, as claimed by the attorney for the Commonwealth, to test the competency of these witnesses as experts. Whether competent for that purpose or not, the evidence was harmless, because the difference in the conditions at the several places was shown, and the defendant was per-

mitted to prove that at LaGrange, under conditions similar to those at Taylorsville, an inside closet did not work satisfactorily. So that the effect of this evidence, was to prove to the jury that, whereas an inside toilet could be maintained at places such as Louisville and Frankfort having sewerage systems, it could not satisfactorily be done at places such as LaGrange and Taylorsville that do not possess sewerage facilities, the very fact appellant was attempting to establish.

4. The instructions given by the court are criticised because they ignore the proposition, insisted upon by appellant, that the maintenance of one water closet in the depot for the use of women was all that was required of it. This question of law was properly raised by the motion for a peremptory instruction and, as we have seen, was properly decided by the court as the maintenance of a separate closet for women alone did not absolve the defendant from the duty of providing and maintaining a suitable and convenient privy for men as well; hence, the question should not have been submitted to the jury.

Perceiving no error in the trial of the case prejudicial to the defendant, the judgment is affirmed.