# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## SPRING TERM, 1919.

### Chesapeake & Ohio Railway Company v. Commonwealth.

(Decided April 18, 1919.)

### Appeal from Rowan Circuit Court.

1. Criminal Law—Request for Written Instructions—Statute.—Under Criminal Code of Practice, section 225, requiring that instructions in criminal cases be written, a refusal so to charge is reversible error unless waived as may be done in misdemeanor cases only.

2. Railroads—Accommodations—Water Closets—Criminal Responsibility—Evidence.—A railroad company is only required to maintain water closet facilities equal to the best in common use in the vicinity, and, where no water works nor sewerage system is maintained in the town, it is under no duty to maintain at its own expense a private water works system in order to provide a suitable and convenient water closet; hence, in a criminal prosecution it was error to admit evidence as to the location of its water tank and a certain creek and as to the topography of the surrounding lands, for the purpose of showing that a sewerage system was practicable.

3. Railroads—Accommodations—Water Closets—Criminal Responsibility—Question for Jury.—In criminal prosecutions, though there was no evidence that the water closet was not suitable and convenient, defendant railroad was not entitled to a peremptory where there was substantial evidence that the water closet was not maintained in decent order and repair.

JAMES CLAY, E. HOGG and SHELBY, NORTHCUTT & SHELBY for appellant.

CHARLES H. MORRIS, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, and W. C. HAMILTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The Chesapeake & Ohio Railway Company appeals from a judgment imposing a fine of $250.00 for its failure to provide at Morehead a convenient and suitable water closet and maintain it in decent order and repair.

Our code requires that instructions in criminal cases be written, and the provision applies to misdemeanors unless the requirements be waived. Sec. 225 Criminal Code; Adams Express Company v. Com., 163 Ky. 275, 173 S. W. 764. Here the company did not waive the requirement, but moved the court to instruct the jury in writing. The court overruled the motion and gave oral instructions. This error is sufficient to authorize a reversal.

The company was only required to maintain water closet facilities equal to the best in common use in the vicinity, and there being no water works nor sewerage system in Morehead, it was under no duty to maintain at its own expense a private water works system in order to provide a suitable and convenient water closet. L. & N. R. R. Co. v. Com., 131 Ky. 268, 114 S. W. 1192; L. & N. R. R. Co. v. Com., 137 Ky. 802, 127 S. W. 152; L. & N. R. Co. v. Com., 180 Ky. 843, 203 S. W. 717. Hence it was error to admit evidence of the location of the company's water tank and Triplett creek and as to the general topography of the surrounding lands for the purpose of showing that a sewerage system was practicable.

The company was not entitled to a peremptory instruction, for, while there was no evidence that the water closet was not suitable and convenient, there was substantial evidence that it was not maintained in 'decent order and repair, thus making the latter question one for the jury.

Judgment reversed and cause remanded for a new trial consistent with this opinion.