## Commonwealth v. Louisville & Nashville R. R. Co.

(Decided May 24, 1921.)

Appeal from Ohio Circuit Court.

1.  Indictment and Information—Duplicity.—An indictment is not duplicitous if it charge but one offense even though it contain other averments not necessary to the first charge but which when taken alone do not charge another offense.

2.  Indictment and Information—Surplusage.—On timely motion the trial court will strike any superfluous words or averments from an indictment, but this is not accomplished by general demurrer.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and C. E. SMITH for appellant.

B. D. WARFIELD and THOS. E. SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The Commonwealth prosecutes this appeal from a judgment of the Ohio circuit court holding demurrable an indictment charging the Louisville & Nashville R. R. Co. with failing and neglecting to provide a convenient and suitable waiting room in its depot at Centertown and dismissing the indictment. The indictment in so far as necessary to an understanding of this case reads as follows:

"Accuse the defendant, Louisville and Nashville Railroad Co., of the offense of failing, neglecting and refusing to provide convenient and suitable waiting room at its depot in the town of Centertown, committed in manner and form as follows, to-wit:

"Said Louisville and Nashville Railroad Co., a corporation duly organized, created and incorporated under the laws of the state of Kentucky, and engaged in the operation of passenger trains in and through Ohio county, after the first day of March, 1920, and within twelve months next before the finding of this indictment, did wilfully and unlawfully fail, neglect and refuse to provide a convenient and suitable waiting room at its depot in the town of Centertown, an incorporated town of the sixth class, in said county; that said waiting room in said depot, its said passenger depot, was on said date not convenient and suitable for the accommodation of the passengers of said company and the public, there being only one waiting room for white passengers, which said waiting room so provided was too small for the accommodation of said passengers and the public and was frequently during said time not kept open for the use or accommodation of said passengers and was and is not sufficiently lighted, heated and ventilated, and was not supplied with suitable or sufficient furniture, fixtures and conveniences for the accommodation of said passengers and the public, and was not kept and maintained in decent order and repair."

In sustaining the demurrer to the indictment the learned and careful trial judge entered the following order:

"This indictment coming on to be heard on demurrer of the defendant thereto and the court having heard argument of counsel for Commonwealth and defendant on the question of duplicity and being sufficiently advised it is of the opinion that the present indictment states two

offenses, viz.: one for not maintaining a convenient and suitable waiting room at Centertown, which offense arises under section 772 of the Kentucky Statutes and is punishable by a fine of from $100.00 to $500.00; the other for not keeping the said waiting room at said town open, heated and ventilated, which latter offense arises under section 784 of Kentucky Statutes and is punishable by a fine of from $10.00 to $20.00, and of which offense this court has no jurisdiction, and the Commonwealth attorney declining to elect which offense he would prosecute it is hereby ordered and adjudged that said demurrer be sustained and said indictment is hereby dismissed, to which plaintiff objects and excepts.''

Section 772, Kentucky Statutes, in so far as relevant, reads as follows:

''Every company operating a railroad in this state shall provide a convenient and suitable waiting room and watercloset or privy at all depots in cities and towns, and at such stations as the railroad commission may require on its lines, and keep and maintain the same in decent order and repair.''

The relevant part of section 784 reads as follows:

''All companies shall keep their ticket offices open for the sale of tickets at least thirty minutes immediately preceding the schedule time of departure of all passenger trains from every regular passenger depot from which such trains start or at which they regularly stop; and shall open the waiting room for passengers at the same time as the ticket office and keep it open and comfortably warmed in cold weather until the train departs.''

From a reading of the sections of the statute copied above, and the indictment, it will clearly appear that the indictment is not duplicitous or subject to demurrer although it is prolix, redundant and pleonastic. It sufficiently charges the offense denounced by section 772, Kentucky Statutes, but it does not charge the offense against which section 784 is directed, and as but one offense is charged, although there are surplus words somewhat indicating a purpose to include another offense, the indictment is not duplicitous. It is subject to criticism, and that part of it which relates to heating and lighting the waiting room of the depot should have been omitted for it appertains to the offense denounced by section 784 of Kentucky Statutes only.

Manifestly the indictment under consideration was drawn under section 772 and was intended to charge the defendant company with the offense of failing to provide a convenient and suitable waiting room in its depot at Centertown, and not to charge it with failing to ''open the waiting room for passengers at the same time as the ticket office and keep it open and comfortably warm in cold weather'' as required by section 784.

The offense covered by section 772 is charged in the indictment in the language of the statute, which this court has held sufficient in many cases.   L. & N. R. R. Co. v. Commonwealth, 144 Ky. 525.

But the statute, section 784, is not followed nor are there words of like import or meaning employed in the indictment so as to charge the offense therein denouncd. If the indictment had not contained the clause ''and was frequently during said time not kept open for the use and accommodation of said passengers'' and had omitted the word ''heated'' appearing in another line there would have been no indication that the pleader intended to charge the defendant company with the offense covered by section 784, and as the words taken alone do not charge the offense denounced by section 784, or any offense, the indictment was not and could not be duplicitous.   Nor was the indictment bad for any of the other reasons assigned in brief of appellee company, even though after charging the offense named in section 772 in general terms it proceeded to charge defendant company with specific acts which rendered the waiting room in the depot inconvenient and unsuitable for the purposes for which it was intended, by setting forth (1) that the waiting room was too small, (2) was not sufficiently lighted or ventilated, (3) was not supplied with suitable furniture and fixtures, and (4) was not maintained in decent order and repair.   If the waiting room was too small to be suitable or convenient for the traveling public which used the depot to board defendant's trains, and this fact was proven to the jury, it should have found the defendant company guilty of the offense charged in the indictment. So should the jury have found the defendant guilty on proof that the company had failed to sufficiently light or ventilate the waiting room, for a room not sufficiently lighted or ventilated could not be a suitable or convenient room in which to wait at a depot for a train.   And if the company

failed to provide a room with suitable fixtures such as seats it would be liable on this indictment, or failed to maintain the waiting room in decent order and repair it would be subject to the penalties denounced by the statute. In other words a waiting room is not suitable or convenient for waiting passengers which is too small, dark, stuffy or which is dirty or indecent.

The indictment is subject, however, to the criticism that it is too broad in some of its terms. The railroad is only required to provide a suitable and convenient waiting room for persons waiting to take passage on its trains or to transact business with the company, and is under no obligation to provide a waiting room of any character whatever for the general public. The indictment should not have coupled the words "and public" to the word "passengers," and proof that the waiting room was too small to accommodate "passengers and the public" would not sustain a conviction, but evidence of the sufficiency of it to accommodate the passengers alone would warrant an acquittal of the defendant company, if its size alone was questioned. While we have written in the cases of I. C. R. R. Co. v. Commonwealth, 21 R. 569; I. C. R. R. Co. v. Commonwealth, 28 R. 802; L. & N. R. R. Co. v. Commonwealth, 144 Ky. 525; I. C. R. R. Co. v. Commonwealth, 179 Ky. 28; Commonwealth v. L. & N. R. R. Co., 189 Ky. 309, that on a trial under an indictment similar to the one under consideration, the Commonwealth may introduce evidence of the failure of the company to have its waiting room open and heated in cold weather for at least thirty minutes before the time of departure of trains we think the better practice would be to exclude all such evidence, for it relates more to the operation than to the providing of a suitable and convenient waiting room and should be allowed only on the trial of an indictment under section 784, Kentucky Statutes. If it be the purpose of the Commonwealth in a given case to charge the defendant company with failure to provide a suitable and convenient waiting room the indictment should contain nothing about a failure of the company to keep it open and comfortable in cold weather, nor should evidence be received on the subject; but if the Commonwealth wants a conviction under section 784 for failure to have the waiting room open, or for a failure to have it comfortably warm in cold weather, it should draw its indictment under this section and confine its evidence to that which will sustain this charge, and not offer or be al-

lowed to introduce evidence which would sustain a conviction for failure to provide a suitable and convenient waiting room kept in decent order and repair. The two offenses cannot be charged in one indictment without rendering it bad for duplicity. The legislature never so intended, else it would not have passed the two statutes covering different acts or omissions and prescribing different penalties for their violation.

For reasons indicated the judgment is reversed for a trial consistent with this opinion.