# Bailey v. Commonwealth.

(Decided May 6, 1930.)

RICHARD B. CRAWFORD and KENDRICK R. LEWIS for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The General Assembly, in 1912 (Laws 1912, c. 77), enacted a statute regulating the employment of women at gainful occupations other than domestic service. A section of the act provided:

"Every person, firm or corporation employing females shall provide suitable and proper washrooms

and water closets, or privy closets where sewer connection is impossible, and shall keep such closets at all times clean and properly screened and ventilated and free from obscene writing or marking. If male persons also be employed in the same establishment such employer shall provide closets for the men in a room entirely separate from and having an entrance entirely distinct and separate from that to the room containing the women's closet. A dressing room shall be provided by the employer for the women when the nature of their work is such as to require any change in clothing.'' Ky. Stats., sec. 4866b-4.

M. J. Bailey operates a laundry in Louisville, and proceedings against him for violation of the act were instituted before a justice of the peace. He was convicted, and prosecuted an appeal to the circuit court, where he was again convicted, resulting in the present appeal. The validity of the statute was challenged upon the ground that it violated both the state and Federal Constitutions. The contention is that the statute is void for uncertainty because it fails to erect any standard of conduct possible for a person to know and observe. The question is whether the term ''suitable and proper,'' as applied to toilet facilities, constitutes a legal standard. Appellant invokes decisions to the effect that a statute, expressed in such vague and general terms that no standard of conduct is prescribed, leaving the question of guilt or innocence to the varying judgments of juries after the event, is arbitrary and inconsistent with the constitutional right of an accused to know what is imposed upon him and to be informed of the nature and cause of the accusation against him. Louisville & N. R. Co. v. Com., 99 Ky. 132, 35 S. W. 129, 18 Ky. Law Rep. 42, 33 L. R. A. 209, 59 Am. St. Rep. 457; United States v. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; Connally v. Gen. Cons. Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322 (Annotation); International Harvester Co. v. Kentucky, 234 U. S. 216, 34 S. Ct. 853, 58 L. Ed. 1284; Collins v. Kentucky, 234 U. S. 634, 34 S. Ct. 924, 58 L. Ed. 1510; American Seeding Machine Co. v. Kentucky, 236 U. S. 660, 35 S. Ct. 456, 59 L. Ed. 773. The reason underlying such decisions is not founded upon the general uncertainties that attend jury trials, but it is based upon the fact that the elements necessary to determine the requirements of the law are unknown

and unknowable in advance by any determinate or determinable criterion, practice, or precedent. A penal or criminal statute must prescribe a rule of conduct with sufficient particularity to enable those affected by it to know what is demanded or forbidden. Cf. Standard Chemicals & Metal Corp. v. Waugh Chem. Corp., 231 N. Y. 51, 131 N. E. 566, 14 A. L. R. 1054.

But it is firmly established by decisions of equal authority that a criminal law is not unconstitutional merely because it throws upon people the risk of rightly estimating a matter of degree which deals with fixed and actual, as distinguished from imaginary and unascertained, conditions. Nash v. United States, 229 U. S. 373, 33 S. Ct. 780, 57 L. Ed. 1232; Waters-Pierce Oil Co. v. Texas, 212 U. S. 86, 29 S. Ct. 220, 53 L. Ed. 417; Adams v. Greene, 182 Ky. 504, 206 S. W. 759; Whitney v. California, 274 U. S. 357, 47 S. Ct. 641, 71 L. Ed. 1095; Omaechevarria v. Idaho, 246 U. S. 343, 38 S. Ct. 323, 62 L. Ed. 763; Miller v. Strahl, 239 U S. 426, 36 S. Ct. 147, 60 L. Ed. 364; Cline v. Frink Dairy Co., 274 U. S. 445, 77 S. Ct. 681, 71 L. Ed. 1146; Fox v. Washington, 236 U. S. 273, 35 S. Ct. 383, 59 L. Ed. 573. It has been held for many years that a statute requiring a railroad company to provide "a convenient and suitable waiting room and water-closet . . . at all . . . cities and towns . . . and keep and maintain the same in decent order and repair," is valid. Ky. Stats., sec. 772; Louisville & N. R. Co. v. Com., 103 Ky. 605, 45 S. W. 880, 46 S. W. 697, 20 Ky. Law Rep. 366; Louisville & N. R. Co. v. Com., 175 Ky. 285, 194 S. W. 313; Louisville & N. R. Co. v. Com., 175 Ky. 317, 194 S W. 346; Louisville & N. R. Co. v. Com., 179 Ky. 283, 200 S. W. 464. The standard set up by that statute has been defined by this court, and was well understood when the act of 1912 was adopted. Chesapeake & O. R. Co. v. Com., 184 Ky. 1, 210 S. W. 793; Louisville & I. R. Co. v. Com., 180 Ky. 843, 203 S. W. 717; Louisville & N. R. Co. v. Com., 97 Ky. 207, 30 S. W. 616, 17 Ky. Law Rep. 116; Louisville & N. R. Co. v. Com., 131 Ky. 268, 114 S. W. 1192; Louisville & N. R. Co., v. Com., 179 Ky. 280, 200 S. W. 464; Louisville & I. R. Co. v. Com., 180 Ky. 844, 203 S. W. 717.

It is not pointed out that any material difference exists between the standard of "suitable and convenient" imposed upon the railroads with respect to toilets, and that of "suitable and proper" addressed to another class, of which the appellant is a member, and referring

to the same subject. One is as certain, exact, and comprehensive as the other, and as easily obeyed. And the later legislation has the added benefit of the light reflected by experience in the administration of the earlier enactment. We apprehend no practical difficulty could be encountered by any one in observing the directions of the statute. Washrooms and water closets are matters of such common convenience and everyday experience that it would be "easy for common sense to keep to what is safe," and avoid any danger from mistaking the meaning of the law. The settled construction of the words used in the railroad statutes furnishes a safe guide for any one wishing to comply with the act here involved. The enactment is sufficiently specific to meet the constitutional requirements, since it plainly provides what is necessary to be done by those coming within its purview, and is not subject to the criticism that it is too vague and uncertain for practical observance. Standard Oil Co. v. United States, 221 U. S. 1, 31 S. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D 734; Louisville & N. R. Co. v. Com., 137 Ky. 802, 127 S. W. 152; Com. v. Louisville & N. R. Co., 191 Ky. 634, 231 S. W. 236.

It is suggested that the evidence was insufficient to justify the conviction. The testimony tended to show that appellant had employed at his laundry both white and colored women. The toilet facilities provided consisted of a single commode in the laundry proper, which was not kept in the condition contemplated by the law. Other toilets were available in other buildings and on the premises of others, which fact the jury could consider, but the evidence was sufficient to take the case to the jury and to sustain the verdict.

The judgment is affirmed.